UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

MANUEL JIMENEZ,

                     Plaintiff,

      - against -

LGL2 BRONX PORTFOLIO LLC,
E & M ASSOCIATES LLC, and
THE MORGAN GROUP LLC,

                    Defendants.
------------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 10/25/16

**ORDER**

15 Civ. 9331 (ER)

Ramos, D.J.:

On August 22, 2016, Plaintiff submitted an application for the Court to approve the parties' agreement settling claims brought under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") (the "Agreement"). Doc. 31. On October 7, 2016, the Court declined to approve the Agreement, finding that, as drafted, it was not "fair and reasonable." Doc. 32 (the "October 7 Order"). Specifically, the Court found that the release and acknowledgment provisions in the Agreement were excessively broad, encompassing practically any possible claim against Defendants, including unknown claims and claims that have no relationship to wage-and-hour issues. *Id.* at 3–4. In addition, Plaintiff's counsel failed to provide any documentation to enable the Court to evaluate the reasonableness of its requested attorney's fees. *Id.* at 3. In the October 7 Order, the Court directed the parties to proceed in one of the following ways: (1) submit a revised agreement that does not include release and acknowledgment provisions that extend beyond the claims at issue, along with documentation regarding attorney's fees; (2) file a joint letter, indicating the parties' intention to abandon settlement and continue on to trial; or (3) stipulate to dismissal of the case without prejudice. *Id.* at 4.

In response to the October 7 Order, on October 21, 2016, Plaintiff submitted a revised settlement agreement (the "Revised Agreement"), a letter in support thereof, and Plaintiff's counsel's billing records. Doc. 33. In line with the Court's October 7 Order, the Revised Agreement contains a narrower release provision that is limited to claims Plaintiff asserted in this action. *Compare* Doc. 31, Ex. 1 ¶ 4, *with* Doc. 33, Ex. 1 ¶ 4. The Revised Agreement also omits the acknowledgment provision that the Court found to be problematic. *See* Doc. 32 at 3–4. In all other respects, the Agreement and Revised Agreement are identical. Accordingly, for the reasons stated in the October 7 Order, the Court is satisfied that the Revised Agreement represents a fair and reasonable resolution of Plaintiff's claims. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

The Court also approves Plaintiff's counsel's request for attorney's fees and costs. Under the proposed agreement, Plaintiff's counsel will retain approximately one-third of the settlement amount, or $13,140 out of $40,000, and will be reimbursed $580 for filing and service costs, for a total of $13,720. Doc. 31 at 2. Plaintiff's counsel submits detailed billing records indicating that he spent approximately 60 hours on this matter, resulting in a *de facto* billing rate of $219 per hour. Doc. 33, Ex. 2. This rate is well below Plaintiff's counsel's "retainer rate" of $600 per hour, *id.* at 2, as well as the rates typically awarded for FLSA cases in this district, which range from $300 to $400 per hour for partners, *see Santos v. EL Tepeyac Butcher Shop Inc.*, No. 15 Civ. 814 (RA), 2015 WL 9077172, at *2 (S.D.N.Y. Dec. 15, 2015). Moreover, the retainer agreement between Plaintiff and Plaintiff's counsel provides for a one-third contingency fee, an amount that is "commonly accepted in the Second Circuit in FLSA cases." *Najera v. Royal Bedding Co.*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015). Finally, even after Plaintiff's counsel's requested fees and costs are taken into account,

Plaintiff will still recover more in the settlement than he expects to recover at trial. *See* Doc. 32 at 2. Having considered these factors, the Court finds the request for $13,140 in attorney's fees plus $580 in filing and service costs to be reasonable.

The parties are directed to file a fully executed Revised Agreement and Stipulation of Voluntary Dismissal with Prejudice, at which time the Court will order dismissal of the case with prejudice. In light of the parties' settlement, the status conference currently scheduled for October 26, 2016 is adjourned *sine die*.

It is SO ORDERED.

Dated: October 25, 2016
New York, New York

_____
Edgardo Ramos, U.S.D.J.