## AGREEMENT AND RELEASE

LGL2 Bronx Portfolio LLC, E & M Associates LLC, and The Morgan Group LLC, and the aforementioned entities' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future (Collectively hereinafter referred to as "Defendants"), and Manuel Jimenez ("Jimenez") desire to avoid the costs, risks, and delays associated with litigation and to resolve the claims asserted in this action between the parties and therefore agree as follows:

1.      **Definition of Parties**.

a.              "Plaintiff" shall be defined to include, but is not limited to, Manuel Jimenez, and all affiliated persons or entities, including, but not limited to, his present or former domestic partner, spouse, dependents, heirs, assigns, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities. If an obligation or right is that of Mr. Jimenez personally, he will be referred to as "Mr. Jimenez."

b.              Plaintiff Jimenez alleges (and Defendants deny) he was employed by Defendants LGL2 Bronx Portfolio LLC, E & M Associates LLC, and The Morgan Group LLC, for various periods of time from November 2010 to on or about November 5, 2015.

c.              "Defendants" shall be defined as LGL2 Bronx Portfolio LLC, E & M Associates LLC, and The Morgan Group LLC, and the aforementioned entities' divisions, affiliates, subsidiaries, parents, corporations under common ownership or control or related business entities, predecessors, successors, management companies, leasing and payroll companies, assigns, officers, directors, members, partners, trustees, employees, agents, actuaries, accountants, stockholders, administrators, representatives, attorneys including without limitation attorneys who appeared in this action, insurers or fiduciaries, past, present or future.

d.              "Action" or "Lawsuit" refers to the lawsuit filed by Plaintiff against Defendants on November 26, 2015, in the United States District Court, Southern District of New York, with Civil Action #: 15-CV-9331 (ER)(GWG).

2.      **Consideration**. In consideration for Mr. Jimenez's signing this Agreement and the releases of all claims herein, Defendants agree to make the following payments apportioned among Defendants pursuant to previous agreement:

a.              A payment to "Manuel Jimenez" in the amount of Thirteen Thousand One Hundred and Forty Dollars ($13,140), less applicable taxes and withholdings within fourteen (14) days of (a) defense counsel receiving a copy of this Agreement signed by Mr. Jimenez, executed W-9 forms for Mr. Jimenez and his attorney, and a Stipulation of Dismissal

i

with Prejudice ("Stipulation") in the form annexed hereto as Exhibit A signed by counsel for Plaintiff;

b.          A payment to "Manuel Jimenez" in the amount of Thirteen Thousand One Hundred and Forty Dollars ($13,140), representing liquidated and other damages, within fourteen (14) days of (a) defense counsel receiving a copy of this Agreement signed by Mr. Jimenez, executed W-9 forms for Mr. Jimenez and his attorney, and the Stipulation signed by counsel for Plaintiff;

c.          A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Thirteen Thousand Seven Hundred and Twenty Dollars ($13,720) (representing a 1/3 contingency fee plus costs of $580), within fourteen (14) days of (a) defense counsel receiving a copy of this Agreement signed by Mr. Jimenez, executed W-9 forms for Mr. Jimenez and his attorney, and the Stipulation signed by counsel for Plaintiff, and approval of this Agreement by the Court;

d.          The payments to Plaintiff Jimenez above shall be sent by overnight delivery to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427. Plaintiff has agreed to waive the 21-day review period.

e.          Defendants knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, whether known and/or unknown, it has or may have against Plaintiff as of the date of execution of this Agreement.

3.          **No Consideration Absent Execution of This Agreement**.    Plaintiff understands and agrees he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the discontinuance of the Action with prejudice.

4.          **Release of Claims by Plaintiff**.  In return for the payments identified in paragraph 2, Plaintiff knowingly and voluntarily releases and forever discharges Defendants of all claims asserted in this Action, consistent with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), as of the date of execution of this Agreement.

5.          **Release Notification and Withdrawal.**

a.          **Defendants advised and advise Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel.**  Plaintiff acknowledges he did so; it is his choice to waive the claims asserted in this action in return for the benefits set forth herein; and, said choice was made after careful thought, and after consulting with his attorneys. Plaintiff represents that he has been advised to and did consult legal counsel regarding this Agreement. Plaintiff further represents that after having had a full opportunity to review and consider the terms and conditions of this Agreement, and having discussed them with any member of their immediate

2

family, counsel or financial advisor of his own choosing, and having had sufficient time to review and consider this Agreement, Plaintiff fully understands all of the provisions of this Agreement and has executed same freely and voluntarily.

    b.  Counsel for Plaintiff will take all steps necessary to dismiss the Federal litigation. If additional documentation is needed to terminate the Federal Action, the parties shall execute and submit all documents required to terminate such proceedings.

    6.  **Governing Law and Interpretation**. This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions. In the event the Plaintiff or Defendants breach any provision of this Agreement, Plaintiff and Defendants affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect. If the release language is found to be illegal or unenforceable, Plaintiff and Defendants agree to execute a binding replacement release(s).

    7.  **Amendment**. Except as provided in Paragraph 7 above, this Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement.

    8.  **Resolution of Disputes**. The parties agree that the Court in this Action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this Action.

    9.  **Non-admission of Wrongdoing**. The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind.

    10.  **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreements contents.

    11.  **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

12.   **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

13.   **Joint Participation in Preparation of Agreement**.   The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14.   **Miscellaneous.**
a.   All notices or other communication provided for or permitted herein, other than as set forth in 6(c) above, shall be in writing, and mailed by U.S. Registered or Certified Mail/Return Receipt Requested, reputable overnight express courier (Fed Ex, UPS, etc.) or sent by telecopy or other similar communication, provided that, if such communication is used, the notice is also mailed simultaneously by First-Class U.S. Mail, to the party entitled or required to receive same, at the address set forth below or at such other address as such party shall designate by a notice given pursuant to this paragraph. All such notices, etc., shall be deemed given when mailed in accordance with this paragraph.

    i)   *If to Plaintiffs:*
    Manuel Jimenez
    c/o Abdul Hassan Law Group, PLLC
    Abdul K. Hassan, Esq.
    215-28 Hillside Avenue
    Queens Village, New York
    Fax (718) 740-2000

4

         *ii)*      *If to Defendant E & M and LGL2 Bronx Portfolio LLC*

            Scott Katz
            1465A Flatbush Avenue
            Brooklyn, New York 11210
            Fax (718) 301-9461

with a copy to:

            Robert R. Barravecchio, Esq.
            Meltzer, Lippe, Goldstein & Breitstone, LLP
            190 Willis Avenue
            Mineola, NY 11501
            Fax: (516) 237-2893

            *If to Defendant The Morgan Group LLC*

with a copy to:

            Daniel Morris, Esq.
            Clifton Budd & DeMaria, LLP
            The Empire State Building
            350 Fifth Avenue, 61st Floor
            New York, NY 10118
            P: 212.687.7410
            F: 212.687.3285

      b.     This Agreement may be executed in two (2) or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument, and in pleading or proving any provision of this Agreement, it shall not be necessary to produce more than one (1) of such counterparts. Facsimile and or PDF transmission copies will be deemed and accepted as original in all proceedings and no objection will be raised regarding same. The exhibits annexed hereto are specifically incorporated and made a part of this Agreement.

      c.     This Agreement shall inure to the benefit of Defendants, their successors and assigns, including, but not limited to, any corporation, individual, partnership or other entity which may acquire all or substantially all of Defendants' assets and business or with or into which Defendants may be consolidated or merged. This Agreement and its attached exhibits shall inure to the benefit of Plaintiff and his executors and assigns.

      d.     Each of the covenants contained herein is a separate and independent covenant. A breach, finding of unenforceability or waiver of any one covenant herein (or of any other covenant or agreement between these parties) shall not relieve either party of any remaining obligations hereunder.

15. **Competency to Waive Claims**. At the time of considering or executing this Agreement, Mr. Jimenez was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Mr. Jimenez is competent to execute this Agreement and knowingly and voluntarily waives all claims he has asserted in this action against Defendants.

PLAINTIFF HAS BEEN ADVISED THAT HE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HIS COUNSEL, ABDUL KARIM HASSAN, ESQ. REGARDING THE AGREEMENT.

PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, PLAINTIFF FREELY, VOLUNTARILY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS ASSERTED IN THIS ACTION AGAINST DEFENDANTS. PLAINTIFF HAS BEEN ADVISED PLAINTIFF MAY REVOKE THIS AGREEMENT WITHIN SEVEN (7) DAYS OF PLAINTIFF'S EXECUTION.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

**PLAINTIFF:**

**MANUEL JIMENEZ**

By:

Date:

**DEFENDANT:**

**THE MORGAN GROUP LLC**

By:_____

Print Name _____

Title_____

Date: _____

**DEFENDANT:**

**LGL2 BRONX PORTFOLIO LLC**

By: _____

Print Name _____

Title: _____

Date: _____

**DEFENDANT:**

**E & M ASSOCIATES LLC**

By: _____

Print Name _____

Title: _____

Date: _____

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and Release as of the date set forth below:

| | |
|---|---|
| **PLAINTIFF:** | **DEFENDANT:** |
| **MANUEL JIMENEZ** | **THE MORGAN GROUP LLC** |

By:_____

Date: _____

By:_____

Print Name _____

Title_____

Date: _____10 /26/16_____

**DEFENDANT:**

**LGL2 BRONX PORTFOLIO LLC**

By:_____

Print Name _____Scott Katz_____
                     Authorized Signatory

Title: _____

Date: ___10/26/16_____

**DEFENDANT:**

**E & M ASSOCIATES LLC**

By:_____

Print Name _____Scott Katz_____
                     Authorized Signatory

Title: _____

Date: ___10/26/16_____

**ATTACHMENT**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Manuel Jimenez,

        Plaintiff,

- against -

LGL2 Bronx Portfolio LLC,
E&M Associates LLC, and
The Morgan Group LLC,

        Defendants.

Case No. 1:15-cv-09331-ER

**Stipulation of
Voluntary Dismissal
with Prejudice**

Manuel Jiminez, LGL2 Bronx Portfolio LLC, E&M Associates LLC, and The Morgan Group

LLC, pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, hereby stipulate to the

conditional dismissal with prejudice of this action and request that the action be dismissed with

prejudice, each party to bear his/its own costs.

Abdul Hassan Law Group, pllc
*Attorneys for Plaintiff*


By: _Abdul Hassan_____
    Abdul K. Hassan
    215-28 Hillside Avenue
    Queens Village, New York 11427
    (718) 740-1000

Dated: _____

MELTZER, LIPPE, GOLDSTEIN, & BREITSTONE, LLP
*Attorneys for LGL2 Bronx Portfolio, LLC and
E&M Associates, LLC*

By: _____
    Robert R. Barravecchio
    190 Willis Avenue
    Mineola NY 11501

    (516) 747-0300

Dated: _____

CLIFTON BUDD & DEMARIA, LLP
*Attorneys for The Morgan Group, LLC*


By: _____
    Daniel W. Morris
    350 Fifth Avenue, 61st Floor
    New York, New York 101118
    (212) 687-7410

Dated: _____